IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOVEDEEP SINGH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Case No. 3:25-cv-429 |
| LEONARD ODDO, *Warden, Moshannon* ) | Judge Stephanie L. Haines |
| *Valley ICE Processing Center, et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Lovedeep Singh's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O."). ECF No. 3. Therein, Petitioner requests that this Court: (1) grant his Motion for a T.R.O., ECF No. 3; (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2); (3) grant his underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1; and, (4) order Respondents to immediately release him from custody. ECF No. 3, p. 2.

For the following reasons, the Court will DENY Petitioner's Motion insofar as it requests a T.R.O. but, instead, will consider Petitioner's Motion as a request for a preliminary injunction ("P.I.").

I. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors—likelihood of success on the merits and irreparable harm—"operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* TRO but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]"); *Snee v. Barone*, 359 F.App'x.

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* [T.R.O.] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc.*, 415 U.S. at 439, T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

## II.  Analysis

In his Motion for a T.R.O., Petitioner requests that this Court: (1) Grant his Motion for a T.R.O., ECF No. 3; (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2); (3) Grant his underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1; and, (4) order Respondents to immediately release him from custody. ECF No. 3, p. 2. In this way, Petitioner's request for relief goes beyond the "limited nature of a TRO" and instead requests "mandatory, affirmative relief—indeed, the ultimate relief sought by [Petitioner] in [his] underlying habeas petition." *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* TRO but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a TRO") (citing *Granny Goose*, 415 U.S. at 439); *see also* ECF No. 1, p. 28.

Thus, this Court will DENY Petitioner's Motion in so much as it requests relief via a T.R.O. as a T.R.O. is not the appropriate vehicle for such relief. However, in light of the relief requested, the Court will consider Petitioner's Motion as a request for a preliminary injunction. As such, and in order to more fully develop the record as to the issues raised, the Court will set a briefing schedule in an accompanying Order.

An appropriate Order follows:

3

## **ORDER**

AND NOW, this 3rd day of December 2025, in light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that Respondents shall file and serve a written response to Petitioner's Motion for a Temporary Restraining Order no later than **11:59 PM on December 12, 2025**. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why and (2) *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and Respondents' position relative to the vast number of courts that have rejected the reasoning articulated therein.

Petitioner may, but is not required to, file and serve a Reply, to any Response submitted by Respondents, on or before **11:59 PM on December 15, 2025**. The Court will schedule a hearing as necessary.

BY THE COURT:

/Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE