# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| LOVEDEEP SINGH, <br><br> Petitioner, <br><br> vs. <br><br> LEONARD ODDO, in his official capacity as Director of Moshannon Valley Processing Center; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY, and PAMELA BONDI, <br><br> Respondents. | Civil Action No. 3:25-cv-00429 <br><br> United States Magistrate Judge Christopher B. Brown |

## MEMORANDUM OPINION GRANTING PETITION
## FOR WRIT OF HABEAS CORPUS, ECF NO. 1[1]

**Christopher B. Brown, United States Magistrate Judge**

Presently before the Court is a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on behalf of Petitioner, Lovedeep Singh ("Singh") who is a non-citizen[2] that is presently detained in an immigration detention center located in the Western District of Pennsylvania. ECF No. 1. Singh also has filed a

---

[1] All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c). *See* ECF Nos. 10 and 15.

[2] This Memorandum Opinion uses the term "noncitizen" as equivalent to the statutory term "alien." *See Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020). *See* 8 U.S.C. § 1101(a)(3) ("[t]he term 'alien' means any person not a citizen or national of the United States.").

1

Motion for Temporary Restraining Order ("Motion for TRO"). ECF No. 3. The Government[3] has responded to both. ECF Nos. 17 and 18.

The Petition and Motion for TRO primarily hinge on one issue – whether Singh's detention is governed by 8 U.S.C. § 1225(b)(2) or, instead, is governed by 8 U.S.C. § 1226(a). The application of one versus the other matters as Section 1225(b)(2)(A) mandates his detention, while Section 1226(a) makes his detention discretionary and affords him the statutory right to a bond hearing before an immigration judge.[4] Singh asks the Court to grant him habeas relief in finding that

---

[3]    When used in this Memorandum Opinion, "Government" refers to the federal entities and officials named as respondents in the petition.

[4]    Title 8, U.S.C. § 1225(b)(2)(A) states, in relevant part:

(2) INSPECTION OF OTHER ALIENS

  (A) In general

    Subject to subparagraphs (B) and (C), in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A) (emphasis added).

  As a matter of comparison, 8 U.S.C. § 1226(a) states, in relevant part:

(a) ARREST, DETENTION, AND RELEASE

    On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

        (1) may continue to detain the arrested alien; and
        (2) may release the alien on—

            (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General ...

8 U.S.C. § 1226(a).

Section 1226(a) applies to him, not Section 1225(b)(2)(A), and Order Respondents to conduct a bond hearing or, in the alternative, to order his immediate release. ECF No. 1 at 28; ECF No. 3. The Government responds that "[t]his case presents a simple application of 28 U.S.C. § 1225," and Singh "must be detained without a bond hearing." ECF No. 18 at 1, 2.

For the following reasons, the Court finds that, because Singh's detention is governed by § 1226(a) rather than § 1225(b)(2), the Government must afford him a bond hearing. Accordingly, the Court will grant Singh's petition insofar as he seeks a bond hearing and will order Singh be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review by **January 16, 2026**. The Court will deny the Petition and Motion for TRO in other respects.[5]

## I.  Jurisdiction

In general, federal courts have jurisdiction to hear habeas corpus petitions from noncitizen detainees who claim their civil detention violates the "Constitution or laws . . . of the United States[.]" 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S.

---

[5] Upon consideration of all the relief that Singh seeks via his Petition, ECF No. 1 at 28, the Court finds that a bond hearing is the entirety of the relief due to him under law. While Singh is entitled to a bond hearing, he has not shown he is entitled to immediate release from custody. Further, Singh points to no authority upon which this Court may properly enjoin the Government from transferring him to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention to another.'") (quoting *Gandarillas-Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)) (citations omitted). This Court, therefore, lacks jurisdiction to enjoin the Government from transferring Singh. For those reasons, the only claim upon which Singh has shown a likelihood of success on the merits is his request for a bond hearing. And the Court is granting him that relief in its ruling on his Petition, rendering the request for a TRO moot. Accordingly, the Court denies Singh's Motion for TRO as either unavailing or moot.

678, 688 (2001). Here, Singh seeks habeas relief arguing he is being unlawfully detained without eligibility for a bond hearing under Section 1225(b)(2)(A) of the INA when, in fact, he is detained under Section 1226(a) "that allows for release on conditional parole or bond." ECF No. 2, ¶ 7.

## II. Factual Background

The record reflects Singh is a 26-year-old native and citizen of India who entered the United States on or about April 19, 2019, at the Southwest border. ECF No. 1-3 at 15; ECF 17-3 at 2. On May 21, 2019, he was served with a Notice to Appear and charged with being an alien present in the United States without a valid entry document and without admission or parole. ECF No. 17-3 at 2. He "was released from ICE/ERO custody on June 03, 2019, on a $24,000 delivery bond." ECF No. 1-3 at 15; ECF No. 17-2 at 3. On November 15, 2019, he sought relief in the form of asylum, withholding of removal and protection under Article 3 of the Convention Against Torture ("CAT"). ECF 17-3 at 3. On July 7, 2022, Singh appeared before an Immigration Judge and testified in support of applications for relief. *Id.* His applications for asylum, withholding of removal, and protection under CAT were denied on July 19, 2022 and he was ordered removed to India. ECF No. 17-3 at 12. On August 10, 2022, Singh filed a notice of appeal with the BIA.[6] ECF No. 1-3 at 15. The filing of the appeal automatically stays the execution of the order of removal until the appeal is concluded. *See* 8 C.F.R. § 1003.6(a).

---

[6] Counsel for the Government represents that as of January 5, 2026, "[b]riefing has passed and the parties await a final decision by the BIA." ECF No. 17 at 8; *see also* ECF No. 17-4 at 2.

4

Singh "was detained on July 28, 2025 upon visiting an FBI office in order to seek protection for his girlfriend, who was receiving menacing threats." ECF No. 1, ¶ 69; *see also* ECF No. 17 at 8. The FBI Security Office contacted ICE/ERO "about a walk in that they had identified as being of interest to ICE/ERO." ECF No. 1-3 at 15. ICE/ERO responded, interviewed Singh, and transported him to the ICE/ERO office for processing and further interviews. *Id*. The Record of Deportable / Inadmissible Alien indicates Singh was "amenable to detention due to never reporting an address change to DHS." *Id*. A decision was made to detain Singh and "cancel his bond." *Id*.

He was then arrested and is being detained at the Moshannon Valley Processing Center. *Id*.; https://locator.ice.gov/odls/#/results. The Record of Deportable / Inadmissible Alien states Singh "will remain in custody of ERO pending his BIA." *Id*. Singh argues he is not able to obtain review of his custody by an immigration judge because of the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025). ECF No. 1 at ¶ 6.

### III.  Federal Habeas Proceedings

On November 19, 2025, counsel for Singh filed the instant habeas petition under 28 U.S.C. § 2241. ECF No. 1. He argues (1) he should not be subject to mandatory detention under § 1225(b)(2), (2) he is entitled to a bond hearing under § 1226(a), and (3) his detention violates the Due Process Clause. ECF No. 1 at 3-4, 17. The matter is fully briefed and ripe for disposition. *See* ECF Nos. 1 and 17. For

5

the reasons below, the Court concludes Singh is entitled to a bond hearing under Section 1226(a), but he has not shown that he is entitled to immediate release.

## IV.   Discussion

Here, Singh argues he has "maintained continuous physical presence in the United States for over two years after his April 2019 entry into the United States" and is not subject to Expedited Removal provisions under INA §§ 235.3(b)(1) or 238(b). ECF No. 1, ¶¶ 65, 66. Indeed, from the record before the Court it appears Singh has been present in the United States for over six years. He argues that noncitizens such as him who are subject to removal proceedings, including those who entered without inspection, have traditionally been detained under Section 1226(a) and have been afforded a bond hearing. *Id.*, ¶ 31. He further argues that it wasn't until July of 2025 that ICE, in an apparent matter of statutory interpretation, changed its position to deem noncitizens like him to be "applicants for admission" such that it subjected him to mandatory detention under Section 1225(b)(2)(A) rather than discretionary detention under Section 1226(a). *Id.,* ¶¶ 32-35. Accordingly, this case presents a relatively new question for this Court which it recently addressed in several similar cases. That is, whether a noncitizen who is already present in the United States, not at its port of entry seeking admission, is deemed an "applicant for admission" subjecting him or her to mandatory detention under Section 1225(b)(2) or, if not, subjecting him or her to discretionary detention with a right to a bond hearing under Section 1226(a). *See Nunez Ramos v. Noem,* Case No. 3:25-cv-387, 2025 WL 3687335 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.)

6

(rejecting *Hurtado* decision); *Vasquez Mejia v. Noem, et al.*, Case No. 3:25-cv-333, 2025 WL 3546427 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.) (same). *See also Calzado Diaz v. Noem, et al.,* Case No. 3:25-cv-0458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (same); *Fanduiz-Martinez v. Oddo*, Case No. 3:25-cv-355; 2025 3704292 (Dec. 22, 2025) (Kelly, M.J.); *Genner Neftali Ico Coc v. Oddo*, Case No. 3:25-cv-381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.) (same).

As the Supreme Court observed,

> "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry."

*Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The parties' dispute is fundamentally a dispute about statutory interpretation. Singh alleges that being detained without a bond determination hearing violates his right to due process. ECF No. 1, ¶ 81-84. The Government argues Singh is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as he entered the United States illegally

7

and therefore remains an "applicant for admission" based on his undocumented status. ECF No. 17 at 16-28. Additionally, the Government argues that because Singh was arrested on July 28, 2025, which is less than six months ago, his detention is presumptively reasonable and there is "no lack of procedural due process – nor any deprivation of liberty that is 'sufficiently outrageous," as required to establish a substantive due process claim." *Id. at* 32 (citations omitted).[7] Additionally, according to the Government, "Singh's appeal of the Immigration Judge's denial of asylum and order of removal, and the stay of removal triggered by such appeal, are what prevents Singh's removal from the United States and his release from detention." *Id.*[8]

The Court finds that Section 1226(a) applies and therefore Singh is subject to discretionary detention. The plain language of the mandatory detention provision of Section 1225(b)(2)(A) requires that the "applicant for admission" be just that, an individual "seeking admission." 8 U.S.C. § 1225(b)(2)(A). The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(a). By using the term "seeking admission," Section 1225(b)(2)(A) limits

---

[7]  Because the result of this case turns on a statutory interpretation, it is not necessary for the Court to delve into a due process analysis.

[8]  The Government also argues this Court "should apply principles of prudential exhaustion" and "exercise its discretion to require exhaustion of administrative remedies, even if not mandated by statute – to decline to exercise jurisdiction over the petition." ECF No. 17 at n.1. The Court finds this argument unavailing. As Singh points out, under the BIA decision in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), "people like Petitioner who entered the United States without inspection and therefore have not been admitted are ineligible for bond pursuant to 8 U.S.C. § 1225(b)(2)(A)." ECF No. 1, ¶ 62. Thus, the Court concludes that exhaustion before the BIA would be futile as it is clear any request for a bond hearing would be denied.

8

its statutory application to aliens actively attempting to enter the United States lawfully at its port of entry and does not extend to those already present in the United States who previously entered without inspection. That interpretation is supported by Section 1225's repeated reference to "arriving aliens"[9] and the existence of Section 1226 - a separate statute that allows for detention and removal of aliens, i.e. noncitizens, who are already present in the country.

In *Jennings*, the Supreme Court of the United States discussed the differences between Section 1225(b) and 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). In that case, the Supreme Court explained that Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States under §§ 1225(b)(1) and (b)(2), *id*. at 289, and described Section 1226, as setting out the "default rule," which applies to those noncitizens who are "already present inside the United States. *Id.* at 303 ("§ 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").

It has been "DHS's 'longstanding practice' of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." *Rodriquez v. Bostock*, 779 F. Supp. 3d 1239,

---

[9] "The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1001.1(q).

9

1260 (W.D. Wash. 2025). Despite this "longstanding practice," on July 8, 2025, ICE issued a new interim guideline changing its policies regarding Section 1226(a):

> Effective immediately, it is the position of DHS that such aliens are subject to detention under Immigration and Nationality Act ("INA") § 235(b) [8 U.S.C. § 1225(b)(2)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1225(b)(5)]." . . . For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated.

ECF No. 1, ¶ 21 (*citing* ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-deention-authority-for applications-for-admission). On September 5, 2025, the Board of Immigration Appeals adopted and applied this new policy in *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025). *Id.*, ¶ 25.

Since DHS's change in policy, the Court notes, the overwhelming majority of district courts in this country to have addressed the distinction between Section 1225(b) and Section 1226(a) have found that Section 1226(a), rather than the mandatory detention provision of Section 1225(b), applies to a noncitizen similarly situated to Singh who is not seeking admission at a port of entry, but rather present in the United States. *See, e.g., Bethancourt Soto v. Soto,* -- F. Supp. 3d --, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases). This Court has carefully reviewed these decisions and agrees with the growing consensus.

Here, the Court finds it would be more accurate to describe Singh as "already in the country" or "already present in the United States" rather than as "seeking

admission into the country" – there is no dispute that at the time of his being arrested and charged with removability Singh had been in the United States for over three years and was not actively seeking admission at its port of entry. Under such circumstances, Singh's argument that he is subject to Section 1226(a) is consistent with the plain language of the statute and is consistent with the Supreme Court's discussion in *Jennings*.

Accordingly, the Court concludes that his detention is thus governed by Section 1226(a). As a noncitizen detained under Section 1226(a), Singh has a statutory right to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1236(d)(1)). In making this finding the Court reiterates it is not making any recommendation whatsoever regarding Singh's ultimate detention or release. Rather the Court finds, as a matter of statutory interpretation, that he is entitled to bond a hearing. Any other relief requested by Singh in his Petition, such as immediate release or that the Government be enjoined from transferring him outside this judicial district pending this litigation, will be denied. ECF No.1, at 28. An appropriate Order follows.

DATED this 9th day of January, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:     All Counsel of Record
        (via ECF electronic notification)